IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY D. HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0524-GKF-CDL |
| | ) |
| CARRIE BRIDGES, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Larry D. Hall, a state prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2017-613. Dkt. 1. Respondent Carrie Bridges has moved to dismiss the petition on the bases that Hall failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Hall failed to exhaust available state remedies prior to filing the petition, in contravention of 28 U.S.C. § 2254(b)(1)(A).[2] Dkts. 6, 7. Hall has submitted a response in opposition to the motion. Dkt. 8. For the reasons discussed below, the Court grants Bridges' motion and dismisses the petition.

**BACKGROUND**

Hall entered a plea of guilty in the District Court of Tulsa County, Case No. CF-2017-613 on October 16, 2017, to four counts of sexual abuse of a child under the age of twelve, in violation

---

[1] Because Hall appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Because the Court finds that Hall's petition is untimely, the Court does not reach Bridges' alternative argument for dismissal.

of Okla. Stat. tit. 21, § 843.5(F). Dkt. 7-1, at 30.[3] The state district court sentenced Hall to concurrent thirty-year terms of imprisonment on each count. *Id.*; Dkts. 7-3, 7-4, 7-5, 7-6. Petitioner commenced this federal habeas action five years later, on November 28, 2022, alleging that he received ineffective assistance of counsel, that he was denied a speedy trial, and that, pursuant to the Major Crimes Act, 18 U.S.C. § 1153, the state court lacked jurisdiction to convict him. Dkt. 1, at 5-8, 12.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

---

[3] The Court's citations refer to the CM/ECF header pagination.

A. <u>The Applicable Limitations Period</u>

Hall does not expressly invoke 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Rather, he contends that claims involving subject matter jurisdiction, such as those advanced in his petition, may be raised at any time. Dkt. 1, at 10-11. Claims that a judgment was imposed without proper jurisdiction, however, are not exempt from the AEDPA's one-year statute of limitations. *See Pacheco v. El Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim," the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted)).[4]

Since Hall has failed to allege facts triggering § 2244(d)(1)(B), (C), or (D), the one-year limitations period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which his conviction became final. Hall was afforded ten days from October 16, 2017, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea. *See* Okla. Crim. App. R. 4.2(A); *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Hall failed to do so, and his judgment therefore became final on October 26, 2017. The one-year limitations period for seeking federal habeas relief began to run the following day, on October 27, 2017, and expired one year later, on October 29, 2018.[5] Section 2244(d)(1)(A) therefore bars Hall's

---

[4] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[5] One year from October 27, 2017, was Saturday, October 27, 2018. Because this date fell on a Saturday, the limitations period "continue[d] to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Hall's deadline to seek federal habeas relief therefore expired on Monday, October 29, 2018.

3

November 28, 2022, federal habeas petition absent statutory or equitable tolling. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

    B. <u>Statutory and Equitable Tolling</u>

Statutory tolling is available under 28 U.S.C. § 2244(d)(2) to petitioners who sought "State post-conviction or other collateral review with respect to the pertinent judgment or claim" within the AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010). The record reflects that Hall did not seek collateral review of his judgment in state court, and § 2244(d)(2) therefore is inapplicable to his claims. Similarly, Hall has not demonstrated that he is entitled to equitable tolling of the limitations period. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Nothing in Hall's submissions indicates that he diligently pursued his claims or that extraordinary circumstances precluded the timely submission of his action. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)).[6]

---

[6] The doctrine of actual innocence likewise can provide habeas petitioners an avenue through which to pursue otherwise untimely claims. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (explaining that prisoners asserting actual innocence "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" (internal quotation marks omitted)). Hall, however, does not raise this argument or otherwise suggest that he is factually innocent of the crime of sexually abusing a child. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency.").

## CONCLUSION

Based on the foregoing, the Court grants Bridges' motion to dismiss the petition (Dkt. 6). In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. respondent's motion to dismiss (Dkt. 6) is **granted**;

2. the petition for writ of habeas corpus (Dkt. 1) is **dismissed** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 24th day of August, 2023.

Gregory K. Frizzell
United States District Judge